**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY SWADENER, Plaintiff, v. CITY OF ESCONDIDO et al., Defendants. | Case No.: 26-cv-00346-DMS-MSB<br><br>**ORDER**<br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br>**(2) SCREENING COMPLAINT;**<br>**(3) DENYING MOTION TO APPOINT COUNSEL; AND**<br>**(4) DENYING REQUEST FOR CONSOLIDATION** |

On January 21, 2026, Plaintiff Larry Swadener, proceeding *pro se*, filed this action against the City of Escondido ("the City"), Escondido City Attorney Michael McGuinness, Escondido Police Department ("EPD"), Escondido Interim Police Chiefs Erik Witholt and Ryan Banks, San Diego County Sheriff Kelly A. Martinez, San Diego County Sheriff's Department, Escondido Post-Tow Hearing Officer Joseph Mata, Escondido Police Detective Chris Naranjo, Escondido Police Officer Vea, Escondido Arresting Police Officers of 6/21/2025, Escondido Transportation Police Officer of 6/22/2025, All Previously Named Defendants in Southern District Court Case Number 3:24-cv-00283-DMS-MSB Ninth Circuit Case 25-2322, and Doe Supervisors and Co-Conspirators 1–50. (Compl., ECF No. 1 at 1–2). Plaintiff alleges constitutional violations through 42 U.S.C. §§ 1983, 1985(2), and 1986. (*Id.* at 2, 12–14). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion") and a Motion to Appoint Counsel, which are

pending before the Court. (*IFP* Mot., ECF No. 2; Counsel Mot., ECF No. 3). The Complaint also requests consolidation with Case No. 3:24-cv-00283-DMS-MSB. (Compl. 16). For the following reasons, the Court grants Plaintiff's *IFP* Motion, *sua sponte* dismisses the Complaint with leave to amend, denies the Motion to Appoint Counsel, and denies the request for consolidation.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (*IFP* Mot. 1). Plaintiff reports that he is homeless and that his only income from the past twelve months was from temporary staffing work in October and November 2025, averaging $1,403.29 per month. (*Id.* at 1–2). Plaintiff states that he has $7.29 in cash and no other assets or expenses, although he hopes to secure gainful employment. (*Id.* at 2–5). The Court finds that Plaintiff has sufficiently demonstrated that he cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's *IFP* Motion.

---

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

## II. *SUA SPONTE* SCREENING

### A. Background

On February 7, 2024, Plaintiff filed an action against the City and others arising from the impoundment of his vehicle in late 2021. *See Swadener v. State of California*, No. 3:24-cv-00283-DMS-MSB (S.D. Cal. filed Feb. 7, 2024).[2] On March 3, 2025, the Court dismissed the action as time-barred without leave to amend and judgment was entered the following day. (24-cv-00283 ECF Nos. 44, 45). On April 4, 2025, Plaintiff filed a Notice of Appeal to the Ninth Circuit. (24-cv-00283 ECF No. 47); *see Swadener v. City of Escondido*, No. 25-2322 (9th Cir. docketed Apr. 10, 2025).[3] Plaintiff alleges that on April 17, 2025, while his appeal was pending, he was detained by Defendants Officer Vea and Detective Naranjo for violating California Health and Safety Code section 11350. (Compl. 6). Plaintiff alleges that during his detention he was interviewed by Officer Vea and Detective Naranjo, "and thereafter entered into a written cooperation agreement to assist EPD in preventing Fentanyl trafficking in the City of Escondido." (*Id.* (stating that the EPD retained the only copy of the written agreement)). Plaintiff was released that same day and received a Certificate of Release confirming that the incident "was a detention only, not an arrest." (ECF No. 1-2 at 3); *see* Cal. Penal Code § 851.6 (West 2026). On May 27, 2025, the Ninth Circuit denied Plaintiff's Motion for Appointment of Counsel and reset the opening brief deadline from May 20, 2025 to July 1, 2025. (25-2322 ECF Nos. 2, 10; *see* ECF No. 1-2 at 10–11).

---

[2] The Court takes *sua sponte* judicial notice of the filings in Case No. 3:24-cv-00283-DMS-MSB. *See* Fed. R. Evid. 201(c) ("The court may judicially notice a fact that is not subject to reasonable dispute . . . on its own . . . at any stage of the proceeding."); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases . . . .").

[3] The Court additionally takes judicial notice of the filings in Plaintiff's appeal, Case No. 25-2322, which has direct relation to the matters at issue here. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation modified)).

Plaintiff alleges that he had daily communication with Detective Naranjo from his release in April until June when the detective abruptly ceased all communication. (Compl. 6). Plaintiff alleges "that EPD discovered his identity as the Plaintiff suing them in federal court and thereafter retaliated by terminating contact and targeting him for punitive action." (*Id.* at 6–7). Plaintiff alleges that on June 21, 2025, he was arrested and charged with violating Health and Safety Code section 11395 for conduct he believes was solicited under the cooperation agreement. (*Id.* at 7, 12). Plaintiff alleges that the arresting officers confiscated his legal documents and the phone he used to communicate with Detective Naranjo. (*Id.* at 9; *but see* ECF No. 1-2 at 2 (stating that Plaintiff's legal documents were stolen on March 25, 2025, in a vehicle burglary)). While at the police headquarters, an arresting officer allegedly "informed Plaintiff that the arrest decision came from 'someone upstairs.'" (Compl. 7). Plaintiff alleges that he was booked into the Vista Detention Facility operated by the San Diego County Sheriff's Department. (*Id.* at 3, 7). Plaintiff alleges that while at the facility, he "was fed contaminated food that caused food poisoning resulting in severe and prolonged illness." (*Id.* at 7). Plaintiff alleges that at the infirmary, he received anti-nausea medication and took a COVID-19 test, which was negative. (*Id.*). Plaintiff alleges that he was "nevertheless placed into a punitive 'COVID isolation cell'" for ten days, depriving him of medical care, communication, access to the courts, and the ability to file his Ninth Circuit appeal opening brief. (*Id.* at 7–8).

Plaintiff alleges that he was not brought to court for arraignment until July 1, 2025, ten days after being booked into custody. (*Id.* at 8). Plaintiff alleges that he "was released on that same day, on the condition of surrendering his Fourth Amendment rights." (*Id.* at 8). On July 11, 2025, Plaintiff filed a Motion to Stay Proceedings in his Ninth Circuit appeal. (25-2322 ECF No. 13). The Ninth Circuit construed the motion as a request for an extension of time to file an opening brief and the deadline was extended to September 2, 2025. (25-2322 ECF No. 14). On August 13, 2025, the mailing with the court's order was returned as undeliverable. (25-2322 ECF No. 15). On September 29, 2025, Plaintiff submitted filings with various updates but not containing an opening brief. (25-2322 ECF

No. 16). On October 20, 2025, Plaintiff filed an administrative complaint with the EPD over the June 21, 2025 arrest, which was later closed as "exonerated." (Compl. 8; ECF No. 1-2 at 6–8). On December 18, 2025, the Ninth Circuit extended the opening brief deadline to January 26, 2026, although this mailing was also later returned as undeliverable. (25-2322 ECF Nos. 17, 18). On January 21, 2026, Plaintiff filed this action with a Motion to Proceed *IFP* and a Motion to Appoint Counsel. (ECF Nos. 1–3). On February 9, 2026, Plaintiff filed an ex parte communication alleging threats from the EPD. (ECF No. 7). On February 19, 2026, the Ninth Circuit dismissed the appeal because Plaintiff had not filed an opening brief, and this mailing was also returned as undeliverable. (25-2322 ECF Nos. 19, 20; *see* 24-cv-00283 ECF No. 50).

Plaintiff now asserts seven causes of action: (1) a § 1983 claim for unlawful, retaliatory, and selectively enforced arrest in violation of the First, Fourth, and Fourteenth Amendments; (2) a § 1983 claim for denial of access to courts while incarcerated; (3) a § 1983 claim for unconstitutional conditions of confinement and deliberate indifference; (4) a § 1983 claim for delayed arraignment; (5) a § 1983 *Monell* claim for unconstitutional customs and ratification; (6) a § 1985(2) claim for conspiracy to obstruct federal litigation and prevent assertion of Plaintiff's rights; and (7) a § 1986 claim for failure to prevent retaliation and conspiracy. (Compl. 12–14); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff seeks declaratory, compensatory, punitive, and injunctive relief. (Compl. 15–16).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319,

325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief.

As a preliminary matter, Plaintiff lists "all previously named Defendants in Southern District Court Case Number 3:24-cv-00283-DMS-MSB" among the parties being sued. (Compl. 1–2). However, this violates Federal Rule of Civil Procedure 10(a) which requires the "title of the complaint [to] name all the parties." *See Derry Prods., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 2:21-cv-02155-FLA (SKx), 2021 WL 3932049, at *1 (C.D. Cal. Mar. 18, 2021) (finding that incorporating the names of defendants by reference violates Rule 10(a)); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Furthermore, to the extent Plaintiff seeks to

revive claims arising from the December 23, 2021 impoundment of his vehicle, those claims are barred by *res judicata*. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ("Res judicata applies when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." (citation modified)). Accordingly, these Defendants are dismissed unless specifically named in an amended complaint for claims unrelated to Plaintiff's previous lawsuit.

Plaintiff brings this action against City Attorney McGuinness, Interim Chiefs Witholt and Banks, Sheriff Martinez, and Hearing Officer Mata, but does not make any specific allegations against them. To the extent Plaintiff sues these Defendants in their official capacity, the claims are analyzed under *Monell* as against the City of Escondido and County of San Diego. 436 U.S. 658; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation modified)); *see Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001) (finding that a California sheriff is a county actor when functioning as the administrator of a local jail). To the extent Plaintiff sues these Defendants in their individual capacity, the lack of specific allegations against them defeats these claims. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (requiring personal participation for liability under § 1983); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (finding that a supervisor is only liable under § 1983 where they were personally involved in the constitutional violation or there is a sufficient causal connection between their wrongful conduct and the constitutional violation). Therefore, any individual-capacity claims against City Attorney McGuinness, Interim Chiefs Witholt and Banks, Sheriff Martinez, and Hearing Officer Mata are dismissed.

1. <u>Unlawful Arrest</u>

Plaintiff's first cause of action alleges that his June 21, 2025 arrest was unsupported by probable cause, carried out in retaliation for his federal litigation, and selectively

enforced. (Compl. 12). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "To bring a First Amendment retaliation claim, the plaintiff must allege that (1) [they] engaged in constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (citation modified). Further, there must be but-for cause between the defendant's retaliatory animus and the plaintiff's subsequent injury, meaning that "the existence of probable cause defeats a retaliatory arrest claim." *Hill v. City of Fountain Valley*, 70 F.4th 507, 518 (9th Cir. 2023) (citing *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019)). There is a narrow exception "where officers have probable cause to make arrests, but typically exercise their discretion not to do so" and the plaintiff "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 406–07; *see Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) (noting that the objective evidence does not have to come in the form of "virtually identical and identifiable comparators"). Finally, to plead selective enforcement, a plaintiff must show both a discriminatory effect and an improper purpose. *Lacey v. Maricopa County*, 693 F.3d 896, 920–22 (9th Cir. 2012) (en banc).

Here, Plaintiff alleges that he entered into a written agreement with the EPD, he was arrested for the conduct solicited by the agreement, Detective Naranjo cut off contact due to Plaintiff's ongoing litigation, the decision to arrest Plaintiff came from "someone upstairs," and the arrest occurred ten days before his opening brief deadline. (Compl. 6–7). However, by Plaintiff's own admission, the officers "recovered Marijuana and Methamphetamine" in addition to a pipe and scale. (ECF No. 1-2 at 6); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir.

2008) (noting that courts "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice"). Since the discovery of methamphetamine and paraphernalia provided probable cause for an arrest, Plaintiff's unlawful arrest claim is dismissed. *See District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018) ("[A]n arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking."); *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (finding that once probable cause is established, an officer is not required to investigate every claim of innocence or potential defense). Furthermore, although Plaintiff's filing of an appeal was a constitutionally protected activity and an arrest is sufficient to chill a person of ordinary firmness, the existence of probable cause negates the but-for cause needed for a First Amendment retaliation claim. *See Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020) ("The right to petition 'protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes.'" (quoting *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011))); *Lacey*, 693 F.3d at 917 ("To state that arresting someone in retaliation for their exercise of free speech rights is sufficient to chill speech is an understatement." (citation modified)). Finally, Plaintiff has not plausibly alleged a discriminatory effect or an improper purpose to show selective enforcement. Accordingly, Plaintiff's unlawful, retaliatory, and selectively enforced arrest claim is dismissed.[4]

---

[4] Furthermore, the Complaint does not state whether the criminal proceedings arising out of the June 21, 2025 arrest are currently pending. If the proceedings resulted in a conviction, then any § 1983 claim that would necessarily imply the invalidity of that conviction would be barred. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (finding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). If, however, the criminal proceedings are ongoing, the Court may be required to abstain under *Younger*. *Younger v. Harris*, 401 U.S. 37 (1971); *see ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) ("In civil cases, therefore, *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.");

2. Access to Courts

Plaintiff's second cause of action alleges that Defendants interfered with Plaintiff's ability to prosecute his Ninth Circuit appeal. (Compl. 12–13). Although "prisoners have a constitutional right of access to the courts," the lawsuit in question must be related to their sentence or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 821–22 (1977); *Lewis v. Casey*, 518 U.S. 343, 355 (1996) ("In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."); *see Griepsma v. Andersen*, No. 20-35948, 2021 WL 4844213, at *1 (9th Cir. Oct. 18, 2021) (applying *Lewis* to a pretrial detainee). Thus, Plaintiff's access-to-courts claim is doubtful because he was appealing an order finding claims related to the impoundment of his vehicle to be time-barred. (24-cv-00283 ECF No. 44); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1160 (9th Cir. 2003) ("In other words, a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim."); *see Lewis*, 518 U.S. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). In any event, an access-to-courts claim requires "actual injury," which is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 349, 352–53, 353 n.3 (noting that the intended claim must be "arguable" and "nonfrivolous"); *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citation modified). As Plaintiff's deadline was twice extended beyond July 1, 2025, when he was released, he does not plausibly allege actual injury

---

*Arevalo v. Hennessy*, 882 F.3d 763, 765–66 (9th Cir. 2018) ("Even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." (citation modified)); *see, e.g.*, *Floyd v. S.J. Police Dep't*, No. 22-16243, 2023 WL 4743272, at *1 (9th Cir. July 25, 2023) (affirming district court's abstention over "§ 1983 action alleging constitutional violations in connection with [Plaintiff's] arrest"). Thus, any attempt to revive this claim in an amended complaint must state the current status of all criminal proceedings arising from Plaintiff's June 21, 2025 arrest.

sufficient to support an access-to-courts claim. (25-2322 ECF Nos. 14, 17; Compl. 8). Accordingly, Plaintiff's access-to-courts claim is dismissed.

3. Conditions of Confinement

Plaintiff's third cause of action alleges that he was fed contaminated food, denied adequate medical care, and placed in punitive isolation without justification. (Compl. 13). As a pretrial detainee, Plaintiff's claim is "analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." *Norbert v. City of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021) (citation modified); *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that conditions or restrictions of pretrial detention may not "amount to punishment of the detainee . . . prior to an adjudication of guilt in accordance with due process of law"). To sustain this claim, Plaintiff must plausibly allege that Defendants "acted with 'deliberate indifference.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc); *see Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (confirming that the same standard applies to allegations of inadequate medical care) ("[T]he plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." (citation modified)). To show deliberate indifference, a plaintiff must plausibly allege that "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Castro*, 833 F.3d at 1071.

Here, while Plaintiff alleges that he was fed contaminated food, he does not allege an intentional decision on the part of any Defendant related to that condition. (Compl. 7, 13); *see Jones*, 297 F.3d at 934 ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged

rights deprivation: there is no respondeat superior liability under section 1983."). Furthermore, Plaintiff does not allege how his medical care was inadequate or identify an intentional decision on the part of any Defendant that caused inadequate care. (Compl. 7, 13); *see Iqbal*, 556 U.S. at 678 (holding that conclusory statements are insufficient to state a plausible claim). Finally, regarding Plaintiff's allegations of punitive isolation, a condition of confinement is unconstitutional punishment where it is "not rationally related to a legitimate governmental objective or . . . is excessive in relation to that purpose." *Castro*, 833 F.3d at 1069 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Plaintiff's assertion that his quarantine "had no medical justification and was used as a tool of retaliation and obstruction" is conclusory. (Compl. 7). Furthermore, Plaintiff does not attribute the placement decision to any named or unnamed Defendant, or allege that it was a part of a *Monell* policy or custom. As such, Plaintiff's claim for unconstitutional conditions of confinement fails to state a plausible claim and is dismissed.

4. Delayed Arraignment

Plaintiff's fourth cause of action alleges that he was detained for ten days without arraignment. (Compl. 8, 13). Following a warrantless arrest, "the Fourth Amendment requires a judicial determination of probable cause," which must be done promptly. *Gerstein v. Pugh*, 420 U.S. 103, 114, 125 (1975). "This judicial determination, however, may be informal and non-adversarial," and "does not require a personal appearance" by the arrestee. *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055 (9th Cir. 2004). A judicial determination within forty-eight hours of arrest is presumptively reasonable unless the individual can prove that the determination was unreasonably delayed. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). However, when the delay is greater than forty-eight hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57 (noting that consolidating proceedings and intervening weekends are not extraordinary circumstances). A claim for damages arising from a delayed probable cause determination is cognizable under § 1983. *See, e.g.*, *Smith v. City of Honolulu*, 887 F.3d 944, 949–51 (9th Cir. 2018) (applying

*McLaughlin* to a § 1983 claim tried before a jury); *Lozano v. Doe 1*, 591 F. Supp. 3d 700, 716–18 (C.D. Cal. 2022); *Muhammad v. County of Riverside*, No. 5:23-cv-01260-VBF-KS, 2025 WL 4648395, at *12 (C.D. Cal. Sept. 15, 2025). Here, Plaintiff argues that ten days passed between his June 21, 2025 arrest and his first court appearance. (Compl. 8, 13). However, Plaintiff fails to allege that the arrest was warrantless and that there was not a judicial probable cause determination until his arraignment. Crucially, Plaintiff also does not identify any Defendant who was responsible or allege the existence of a *Monell* policy or custom. *See Jones*, 297 F.3d at 934 (requiring personal participation for § 1983 liability). Accordingly, this claim is dismissed.

5. <u>Municipal Liability</u>

Plaintiff's fifth cause of action is a *Monell* claim alleging that the City maintained "unconstitutional customs" that were the "moving force" behind alleged violations of Plaintiff's rights, and that "[s]upervisors knowingly ratified or failed to prevent violations." (Compl. 13); *see* 436 U.S. 658.[5] "To establish municipal liability under *Monell*, [Plaintiff] must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). A policy is "a deliberate choice to follow a course of action [] made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A policy can come in the form of an expressly adopted official policy, a longstanding practice or custom, or ratification by an official with final policymaking authority. *Gordon v. County of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021). In the case of ratification, the "official with final

[5] It is unclear whether Plaintiff asserts this claim against the County. (*See* Compl. 1, 9, 13). Regardless, the claim fails for the same reasons that it fails against the City.

policy-making authority" must have known "of the constitutional violation" and made a "conscious, affirmative choice" to approve of it. *Id.* at 974 (citation modified); *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004); *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992). Here, Plaintiff lists a variety of "unconstitutional procedures" including soliciting his assistance under written agreement, releasing him under Cal. Penal Code section 851.6, arresting him for conduct he was allegedly solicited to do, selective enforcement, retaliatory arrest, confiscation of his legal documents, and seizing of the phone he used to allegedly communicate with the detective. (Compl. 9). While this list covers Plaintiff's allegations in this action, he does not identify any official policies, "permanent and well settled" customs, or affirmative ratification by any appropriate officials. *Gordon*, 6 F.4th at 974 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (citation modified)); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting that "where the petitioner is *pro se*, particularly in civil rights cases," the obligation of the court is "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"). Accordingly, the Court dismisses Plaintiff's *Monell* claim.

6. <u>Section 1985(2)</u>

Plaintiff's sixth cause of action alleges that Defendants "conspired to deter Plaintiff from pursuing federal rights" in violation of § 1985(2). That section prohibits conspiring "to deter, by force, intimidation, or threat" any party or witness from attending or testifying in federal court. § 1985(2); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (setting out elements). Here, Plaintiff's claim fails because he does not plausibly allege an agreement or meeting of the minds between Defendants to violate his constitutional rights. *See O'Handley v. Weber*, 62 F.4th 1145, 1162 (9th Cir. 2023). Furthermore, it is unsettled whether employees of the same government entity may conspire in violation of § 1985(2). *See Est. of Browning v. L.V. Metro. Police Dep't*, No. 24-2034, 2026 WL 1978071, at *3 (9th Cir. July 8, 2026) (citing *Ziglar v. Abbasi*, 582 U.S.

120, 154 (2017)) (acknowledging the circuit split over whether officers from the same public entity are distinct enough to conspire under § 1985); *Portman*, 995 F.2d at 910 (same). Regardless, Plaintiff's conclusory allegations are insufficient and these claims are dismissed. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient.").

7. Section 1986

Plaintiff's seventh cause of action alleges that Defendants failed to prevent retaliation and conspiracy, including supervisors knowing of the conspiracy and failing to act. (Compl. 14). However, "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi*, 839 F.2d at 626. Accordingly, Plaintiff's § 1986 claim is dismissed.

Finally, the Court does not have sufficient information at this time to determine whether Defendants are immune from the relief sought. § 1915(e)(2)(B)(iii).

## III. MOTION TO APPOINT COUNSEL

Plaintiff has filed a form Motion to Appoint Counsel, citing his unsuccessful efforts to retain counsel and inability to pay for an attorney. (Counsel Mot. 1–3). There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation modified). Here, neither consideration supports appointment at this time. Plaintiff's Complaint has been dismissed with leave to amend and thus a likelihood of success on the merits cannot presently be assessed. Furthermore, Plaintiff's

Complaint does not evidence an inability to articulate claims on the legal issues involved. For those reasons, Plaintiff's Motion to Appoint Counsel is denied without prejudice.

## IV. REQUEST FOR CONSOLIDATION

In his Complaint, Plaintiff requests that this action be consolidated with Case No. 3:24-cv-00283. (Compl. 5, 16). However, Rule 42 only permits consolidation of "actions before the court." Fed. R. Civ. P. 42(a). As Plaintiff's prior action was dismissed without leave to amend, judgment was entered, and the Ninth Circuit dismissed the appeal, the prior action is not currently before the Court within the meaning of Rule 42. (24-cv-00283 ECF Nos. 44, 45; 25-2322 ECF No. 19). Furthermore, this action has already been transferred to this Court, which presided over the previous action. (ECF Nos. 4, 5).

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's *IFP* Motion, *sua sponte* **DISMISSES** the Complaint, **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice, and **DENIES** Plaintiff's request for consolidation. Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation modified)); Fed. R. Civ. P. 15(a) (courts should "freely give leave [to amend] when justice so requires"). In any such amended complaint, Plaintiff must clearly identify which causes of action are being asserted against which Defendants. *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026) ("[P]ermitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8."); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (noting that Rule 8 "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (citation modified)). If Plaintiff alleges any claims arising from his June 21, 2025 arrest, he must state the current status of all related criminal proceedings.

**IT IS SO ORDERED.**

Dated: August 20, 2026

Hon. Dana M. Sabraw
United States District Judge